IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09-cv-00093-MSK-KMT

JENNIFER POLHEMUS,

    Plaintiffs,

v.

GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, a Colorado corporation,

    Defendants.

## ORDER

    This matter is before the court on "Defendant's Expedited Motion for Clarification of Discovery Order Entered July 3, 2009" (hereinafter "Mot."). [Doc. No. 43, filed July 14, 2009.] On the same date, "Plaintiff's Response to Defendant Great-West's Expedited Motion for Clarification of Discovery Order" (hereinafter "Rsp.") was filed. [Doc. No. 45.]

    The Court's ruling during the July 3, 2009 regarding the allowed Fed. R. Civ. P. 30(b)(6) deposition was limited to the issue of "whether or not there is an improper relationship between the HR department and the disability department, the claims administrator . . . ." (Transcript of July 3, 2009 hearing [hereinafter "Trans."] at 48:4-6. ) The Court further elaborated, "I'm going to allow a very limited 30(b)(6) deposition, again, on this same topic and only this same topic

. . . . I want you to know what they [Great-West] believe the relationship is between the HR department and the disability department, how much overlap do they have.  You know, anything that you can think of that might relate to this conflict of interest . . . ." (Trans.  54:13-17.)

Plaintiff now has issued a Notice for the deposition of Plaintiff's Rule 30(b)(6) witness listing the topics for which Great West should prepare its witness and about which the witness should be prepared to respond.   (Mot. at Exh. 1.)  The Notice contains eight topics; Defendants object to topics 5-8 as being outside the court's Order allowing discovery.  Topics 5-8 are:

5. Management structure and hierarchy of YOUR human resources department.

6. Management structure and hierarchy of YOUR disability claims department.

7. Functions, duties, and responsibilities of YOUR human resources department.

8. Functions, duties, and responsibilities of YOUR disability claims department.

(Mot., Exh. 1.)  Great West objects that these four requests are "hopelessly broad and do not identify the subject matter with reasonable particularity."  (Mot. at 3 [internal quotations omitted].)

The Court finds that topics five and six are well within the realm of reasonable inquiry which was permitted by the Court and certainly not overly burdensome or broad.  The only preparation required for the witness is to review and understand an organizational chart with respect to the two departments.

Plaintiff argues that topics seven and eight were designed to find areas of overlap between the two departments. (Rsp. at ¶ 8.)  While this goal is appropriate pursuant to the Court's Order, the topics as stated are extremely broad and could conceivably cover, especially

2

with respect to topic number seven, volumes of information not remotely relevant to whether there is a conflict of interest which should be considered on review of the administrative record and the claim administrator's findings and ultimate decision.  Further, topic number one is adequate notice to allow questioning about overlapping duties between the two departments concerning the handling of long term disability claims brought by Great-West employees, without the unnecessary burden placed on Defendant to provide a witness with a broad base of knowledge about all phases of operation of both departments, regardless whether the particular operation is related to disability claims processing.

It is therefore **ORDERED**

"Defendant's Expedited Motion for Clarification of Discovery Order Entered July 3, 2009" [Doc. No. 43] is **GRANTED in part and DENIED in part** as follows:

1. Defendant will produce a Rule 30(b)(6) deponent with sufficient information to fully respond to topics 1-6 of the Notice of Deposition attached to the Motion as Exh. 1.

2. Topics 7 and 8 are stricken from the Notice and Defendant will not be required to produce a witness as to those topics.

The parties are reminded that the Court has limited this Rule 30(b)(6) deposition to no longer than <u>four hours</u> of testimonial time.

Dated this 15th day of July, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge