IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09-cv-00093-MSK-KMT

JENNIFER POLHEMUS,

    Plaintiffs,

v.

GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY, a Colorado corporation,

    Defendants.

_____

**ORDER**
_____

    This matter is before the court on "Plaintiff's Motion to Amend Complaint" [Doc. No. 57, filed September 8, 2009]. "Defendant Great-West's Response to Plaintiff's Motion to Amend Complaint" [Doc. No. 59] was filed on September 18, 2009 and "Plaintiff's Reply in Support of Motion to Amend Complaint" [Doc. No. 74] was filed on October 6, 2009. This court has determined that oral argument would not be helpful and therefore this matter is ripe for review and ruling.

    Ms. Polhemus seeks leave of Court to file an Amended Complaint in this ERISA case to add allegations concerning three voluntary appeals she claims were undertaken in her case. Great-West opposes the amendment on grounds of futility, claiming, among other things, that no

appeals beyond those mandated by the policy and which were already set forth in the Complaint were undertaken by the plaintiff.

Ms. Polhemus' proposed Amended Complaint ("Amd. Compl.") [Doc. No. 57-2] modifies paragraphs 24 and 25, by adding one sentence to each paragraph characterizing the meaning of actions which were already set forth in the original complaint. Additionally, Ms. Polhemus seeks to add two paragraphs, 26 and 27. Paragraph 26 describes Ms. Polhemus' complaint against Great-West to the Colorado Division of Insurance on April 26, 2006 and paragraph 27 describes Ms. Polhemus submission of additional medical records and information to Great-West on December 2, 2008, prior to filing suit.

In Plaintiff's Response to "Great-West's Motion for Judgment on the Pleadings Because Plaintiff's Complaint is Time-Barred" [Doc. No. 54], now pending before the District Court, Plaintiff states,

> Moreover, the language of the Great-West policy itself tolls the contractual limitations period during "voluntary" administrative appeals – thus suggesting, as a matter of logic and basic fairness, that the period be tolled as well during mandatory appeals. In any event, Ms. Polhemus did, in fact, undertake several "voluntary" levels of appeal beyond the two mandatory appeals required by Great-West's plan document, policy number 053100 [ ]. Ms. Polhemus should be permitted to amend her complaint to add allegations concerning these additional levels of appeal, and the limitations period should be tolled accordingly.

"Plaintiff's Response to Great-West's Motion for Judgment on the Pleadings" ("Resp.J.Pldgs.") [Doc. No. 56 at 2].

The two amended paragraphs and two additional paragraphs in the Amended Complaint set forth the facts underpinning Ms. Polhemus' claim that she undertook several "voluntary

appeals" after Great-West's final denial of her long term disability claim, thus entitling her to tolling of the limitations period in the contract.

### *Legal Standards*

Pursuant to Fed. R. Civ. P 15(a), the court is to freely allow amendment of the pleadings "when justice so requires." The grant or denial of an opportunity to amend is within the discretion of the court, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). The Tenth Circuit has concluded that the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

The non-moving party bears the burden of showing that the proposed amendment should not be allowed because it is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice, or other matters considered by the court in its discretion. *Fluker v. Federal Bureau of Prisons*, 2009 WL 1065986, *4 (D. Colo. 2009).

*Analysis*

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment" or a Rule 12(b) motion to dismiss. *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir.2001); *Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). Rule 12(c) provides " After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." With respect to both of these Rules the court's function on is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). At a later stage of the proceedings, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In the context of a proposed amended complaint, "the most common use of Rule 15(a) is by a party seeking to amend in order to cure a defective pleading." *Qdoba Restaurant Corp. v. Taylors, LLC,* 2008 WL 4426009, *2 (D. Colo. 2008). *See also* 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1474, at 523 (2d ed.1990).

Although the parties advance several arguments in the briefing on Great-West's Motion for Judgment on the Pleadings,[1] the primary issues overlapping that motion and this one are, 1) the plaintiff's alleged filing of one or more voluntary appeals subsequent to Great-West's final decision on December 14, 2005, and 2) whether one or more of the alleged voluntary appeals tolled a sufficient amount of time such that Ms. Polhemus' lawsuit conformed with the limitations period specified in the Plan.

The Plan at issue in this case, Great-West Policy 053100, is identified by name in Plaintiff's Complaint and in the Amended Complaint (¶ 11 in both documents) and is therefore available for court review whether pursuant to the Rule 12 standard or on summary judgment.[2] The Plan document is filed with the court as part of the Stipulated Administrative Record. [Doc. No. 15-19 at 0001 – 0086]. The Legal Actions section of the Plan states: "A Member may bring a legal action to recover under the Plan. Such legal action may be brought no sooner than 60 days, and no later than 3 years, after the time written proof of loss is required to be given under

---

[1] Great-West, in addition to arguments concerning whether Ms. Polhemus filed any voluntary appeals and whether any voluntary appeal tolled the limitations period, also argues that Plaintiff's accrual date beginning the limitations period is May 10, 2004, that the Plan provided for no tolling of the limitations period during the mandatory appeal process, and that the denial of plaintiff's long term disability claim was "based on medical judgment" thus precluding any voluntary appeals.

[2] Unattached documents which are referred to in the Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed, may be considered by the court. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). When a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is obviously on notice of the document's contents. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997).

the terms of the Plan." *Id.* at 0073. The Long Term Disability Benefits section of the Plan provides: "You must send to Great-West proof of loss within 15 months from the date of loss, unless you are legally incapable of doing so." *Id*. at 0053. Great-West argues that pursuant to the Plan, Ms. Polhemus had 3 years plus 15 months, or 51 months, from the date of loss within which to bring a legal action. The parties disagree about the applicable date of loss. The Great-West Plan also provides

> Two appeals are required before you may bring a civil action under ERISA Section 502(a) as described in the Statement of ERISA rights.
>
> Once the required appeals have been exhausted, additional appeals are allowed on a voluntary basis upon request when new and substantial information is provided. Voluntary reviews must be requested within 60 days of the date the notice of the appeal decision is received.
>
> There are no voluntary appeal rights following the required appeal process when the denial was based on medical judgment.
>
> You have a right to request information regarding voluntary appeals procedures. Any statute of limitations or other defense based on timeliness is suspended during the time that a voluntary appeal is pending. Voluntary appeals do not need to be exhausted in order to bring a civil action under ERISA Section 502(a).

*Id.* at 0068.

Plaintiff asserts that she engaged in three voluntary appeals subsequent to the December 14, 2005 final decision of Great-West on her claim for long term disability: 1) On January 31, 2006 through her letter and provision of additional information including medical records of Dr. Gilder (Amd. Compl. at ¶¶ 24-25); 2) On April 6, 2006, by virtue of her filing a complaint against Great-West with the Colorado Division of Insurance (Amd. Compl. at ¶ 26) ; and, 3) On December 2, 2008, through her attorney's letter to Great-West containing additional information

regarding her claim for long term disability benefits (Amd. Compl. at ¶ 27). Great-West contends none of these three events were voluntary appeals under the Plan and that, even if they were considered to be voluntary appeals, they do not toll the limitations period of the Plan such as to obviate or cure the deficiency of the date of filing of the Complaint.

The necessity of amended the complaint is apparent when considering that the District Court, when ruling on a Motion for Judgment on the Pleadings, normally limits its review to the four corners of the Complaint, including documents attached to the Complaint as exhibits. *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th cir. 2001). Therefore, in order for the Plaintiff to defend herself from the claim that the legal action was brought outside the limitation period for the Plan, the events which she said occurred after the denial of benefits and which she claims toll the running of the limitations period must be available for the court's review, i.e. part of the four corners of the Complaint.

The Amended Complaint does not add any claims or parties. Instead, the Amended Complaint adds only facts such as the dates certain events occurred subsequent to the December 14, 2005 denial of benefits, e.g., "Ms. Polhemus filed a complaint with the Colorado Division of Insurance (the "Division") on April 6, 2006, submitting additional information . . ." (Amd. Compl. ¶ 26) and gratuitous legal conclusions, such as "Ms. Polhemus undertook a voluntary appeal of Great-West's denial of benefits . . . ." (Am. Compl. ¶ 24.) The addition of legal conclusions does nothing to bolster a deficient Complaint and will not be considered by the court when ruling on a Motion to Dismiss. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) . The issue before this court is not whether Great-West will prevail on its assertion that

the Complaint, or the Amended Complaint if allowed, was filed out of time under all the facts as presented to the District Court, but whether to allow the Plaintiff to insert additional facts into her Complaint which, as part of the four corners of the Complaint, will allow her to make her tolling arguments. The Tenth Circuit has stated

> The test is whether the proposed amendments, as supported by the affidavits or other evidence, cure the deficiencies in the original complaint. *See, e.g., Mountain View Pharmacy v. Abbott Lab.*, 630 F.2d 1383, 1386, 1389 (10th Cir.1980) (court of appeals gave plaintiffs benefit of any supporting allegations contained in sworn factual certificate submitted with the amended complaint when evaluating motion for leave to amend).

*Bauchman for Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997) (emphasis added). Whether the two letters accompanied by other documentation and/or the complaint filed with the Colorado Division of Insurance constitute voluntary appeals is one of the operative legal decisions which will likely be made by the District Court upon ruling on Defendant's Motion for Judgment on the Pleadings. Only then will it be apparent whether or not the amendments actually cured the complained of deficiencies in the Complaint. However, in order for those arguments to even be considered by the court, they must be part of the operative Complaint pursuant to the directives of Fed. R. Civ. P. 12(c).

The underlying purpose of Fed. R. Civ. P. 15(a) is, of course, to facilitate a decision on the merits. *See Fluker*, 2009 WL 1065986, at *4. To the extent the Defendant bases its futility arguments on the theories advanced in its pending Motion for Judgment on the Pleadings, the Court notes: (1) the Motion for Judgment on the Pleadings is not referred to this judicial officer for resolution and the Court makes no judgment regarding Defendant's likelihood of success on

those pleadings; and (2) amendment of Plaintiff's complaint may technically moot the pending motion such that Defendant may, if appropriate, be required to advance its theories in a new or supplemental motion. *See Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that "Defendants' motions to dismiss are technically moot because they are directed at a pleading that is no longer operative"). Accordingly, the interests of judicial economy and efficiency are promoted by permitting amendment and subsequent abandonment of the motion or its reassertion with arguments addressing all relevant facts alleged by the Plaintiff, if appropriate. *See, Qdoba Restaurant Corp. v. Taylors, LLC*, 2008 WL 4426009, *2 (D. Colo. 2008).

A motion to amend must be left to the sound discretion of the court, and must be decided based upon a careful evaluation of multiple factors. *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984). After careful consideration of all the factors and for the foregoing reasons, it is

**ORDERED**

"Plaintiff's Motion to Amend Complaint" [Doc. No. 57] is **GRANTED**. The Clerk is directed to file the Amended Complaint [Doc. No. 57-2].

Dated this 16th day of October, 2009.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge